PENDLETON, President,
delivered the resolution of the court as follows.
The first question made was, whether the Chancellor erred, in directing an issue to be tried in this case at all; or, at least, other than to ascertain the damages?
The appellants counsel were correct in stating that the discretion of the Chancellor, upon this and all other occasions, is - to be exercised, by him, *upon sound principles of reason and justice; and that this as an appellate court, has a right to judge, whether he has so exercised his discretion, in the present case? But they are unlucky in the application.
The observation urged that the evidence was so plain, the Chancellor ought to have been satisfied, might have been repelled by the event, since two verdicts had been given against this plain evidence. But how did it then appear?
The points in dispute had been submitted to a jury, in a suit on the bond: Whether properly or improperly is immaterial: Most of the same witnesses were examined; particularly those of the appellant, Long and Thorp,, the most material; and a verdict passed against the claim. Three jurymen had sworn they g'ave little credit to their testimony, for reasons which they were the judges of; no matter what. Was the Chancellor to shut his eyes to this strong bar against the claim, and say with the counsel, the evidence was plain, and the credibility of those witnesses not in question? Strange supposition.
He might probably have been justified in dismissing the bill, as the subject, had passed a jury; but considering, that the jury might have been embarrassed by the bond, he more wisely directed an issue, framing it so as to avoid that embarrassment.
A verdict is again found against this plain evidence, as it is called; and the appellant was indulged with a third jury, who still find an according verdict: And why should not the Chancellor be satisfied at last?
Perry speaks of a conversation with a juryman, intimating that he decided upon improper principles; a conversation probably mistaken, or garbled; and not to be regarded, on any view of propriety.
*Mr. Brooke moved for a certificate, that the verdict was against evidence: Mr. White, the junior judge, said, it was unnecessary; for the account would shew it, and Mr. Brooke acquiesces: The other judge was silent, and might not think it against-evidence.
The certificate must appear of record, from the court; or upon a bill of exceptions, if refused, and is not to be supplied by affidavit; especially of lawyers; a most dangerous precedent.
Where is the account, which justifies Mr. White’s opinion? The private accounts of the parties, in the record, prove nothing, - not being authenticated themselves, but mere exparte statements.
The verdict stands unimpeached; was the third upon the subject; and all of them agreeing. It was therefore high time the matter should be put at peace. This is done by the decree; which is affirmed.